United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 11-20698-Scola |
| | ) |
| Frank Ballesteros, Defendant | ) |

### Order Denying Motion for Compassionate Release

Courts around the nation have responded to the great risks posed to inmates by the Covid-19 pandemic by releasing from prison at-risk defendants who have demonstrated they are no longer a danger to society. This Court has not hesitated to release qualifying defendants with particularly severe medical conditions. *See, e.g.*, *United States v. Oreste*, Case No. 14-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.); *United States v. Lima*, Case No. 16-20088 (S.D. Fla. May 11, 2020) (Scola, J.); *United States v. Barcha*, Case No. 16-20549 (S.D. Fla. May 18, 2020) (Scola, J.). Frank Ballesteros is **not** one of those defendants.

A jury found Frank Ballesteros guilty of drug trafficking and health care fraud. Ballesteros's convictions stem from his involvement in a complex painkiller diversion and Medicare fraud scheme. Pursuant to the scheme, co-conspirators recruited corrupt Medicare beneficiaries (sometimes, by busing in a whole group from Fort Pierce) to visit Ballesteros's office, where he prescribed oxycodone and oxymorphone to the recruited beneficiaries. Ballesteros knew that his supposed patients did not need the painkillers and would be selling them to his co-Defendants, Juan de Dios Gomez and Gerardo Gomez. The Gomez brothers in turn distributed the drugs through their drug-trafficking organization. Ballesteros wrote 6,751 separate prescriptions for controlled substances, and 6,667 of those prescriptions were for oxycodone and oxymorphone. Medicare paid $2.2 million for these prescriptions. All of these 6,667 prescriptions were filled by pharmacies owned by his co-conspirators. The amount of oxycodone and oxymorphone filled at his co-conspirators' pharmacies exceeded the amounts of oxycodone and oxymorphone filled at all of the Walgreens in Florida during the relevant time period. This was the second time Ballesteros abused his position as a doctor, as he was previously convicted of conspiracy to commit healthcare fraud. As of today, he has served 104 months out of his 293-month sentence (or 35%).

Ballesteros now moves for compassionate release, alleging that he has asthma, hypertension, and a history of pneumonia. (ECF No. 1409 at 2.) These assertions are insufficient to show that "extraordinary and compelling

circumstances" compel his release. 18 U.S.C. § 3582(c)(1). As the government points out in its response, Ballesteros does not allege that he is currently suffering from pneumonia, only that he had at some point in the past. He has not included any facts on the severity of his asthma or hypertension, but they do not appear to be at such an acute level that his release is warranted after serving only 35% of his sentence. Virtually every person over the age of 50 has some health condition that could conceivably put that person at a greater risk of succumbing to the coronavirus, but this does not entitle every inmate over 50 to be released. Attorney General William Barr's memo urging the release of particularly vulnerable inmates is not a get-out-of-jail-free card for every incarcerated person. *See* Memorandum from the Attorney General (Apr. 3, 2020).

His contention that "he is committed to work and volunteer his time in the fight against the Coronavirus Pandemic, as he plans to serve as a doctor upon his release" is extremely concerning. (ECF No. 1409 at 4.) The Court sincerely hopes that Ballesteros will never again work as a doctor after his eventual release from prison as he has twice abused his position as a doctor, and he has instead used his medical license to harm the community by making dangerous drugs available to people who do not need them. He fueled the already-devastating opioid crisis for his own person gain. The Court wishes instead that he find some other way to contribute to society upon his eventual release. Moreover, his contention that he will work as a doctor to fight the coronavirus pandemic negates the merits of his motion—if he must be released immediately due to his extreme risk of death or severe illness upon contracting Covid-19 in prison, why then would he willingly expose himself to the disease on the frontlines of the pandemic.

Therefore, for the reasons set forth above and after considering the 18 U.S.C. § 3553 factors, the Court **denies** Ballesteros's motion for compassionate (**ECF No. 1409**).

**Done and ordered** at Miami, Florida, on May 22, 2020.

_____
Robert N. Scola, Jr.
United States District Judge